IN RE YOUNG (*Habeas Corpus* Proceeding).

*Testamentary Guardian—Custody of Ward.*

Where a testator, by his will, appointed guardians of the persons and
estate of his children, with directions that the latter should be
placed with his sister S. until their majority and the children had
been so placed with her but been taken from her by their maternal
grandparents, and in a proceeding by *habeas corpus* it appeared that
the deceased had for some time before his death boarded with his
said sister, knew her disposition and habits of living, and it also ap-
peared that she was unable, by reason of her circumstances in life
and the allowance made by the will for the support of the children,
to give them proper attention; *Held*, that, in the absence of a find-
ing that the sister S. was an unsuitable person to have their custody,
the children should be restored to her until she voluntarily surren-
ders her trust or proves unworthy of it, in which latter case the
guardians or the court will terminate it at the instance of any person
interested in the matter.

CLARK, J., concurring in the reversal of the order which committed the
children to the grandparents, is of the opinion that they should not be
restored to S., but should be committed to the care of the guardians to
exercise their discretion as to whether they shall put them again with S.
or dispose of them otherwise.

DOUGLAS, J., concurring, substantially, in the views of Mr. Justice Clark, is of the opinion, nevertheless, that in no event should the children be again placed with S.

PETITION for *Habeas Corpus*, by Ernest F. Young and H. G. Connor, guardians, and Bettie R. Seltzer, to have the persons of their wards committed to them, pending in WILSON Superior Court, and heard before *Robinson, J.*, at Chambers, in Goldsboro, on the 1st day of January, 1897. From an order dismissing the petition, the petitioners appealed.

*Messrs. Shepherd & Busbee* and *H. G. Connor*, for petitioners (appellants).
*Messrs. Aycock & Daniels* and *S. A. Woodard, contra.*

MONTGOMERY, J. In his last will and testament, the testator, C. A. Young, named H. G. Connor, one of the petitioners, his executor, and also appointed him guardian of his three children, Charles, Harry and Frank Young, of the respective ages of fifteen, five and three years. The following is the language of the will in reference to the guardianship: ''I hereby expressly instruct and direct the guardian of my said sons to place my said sons in the sole and exclusive charge, control and custody of my sister, Mrs. Betty R. Setzer, who shall have the sole and exclusive care, control and custody of my said sons, with the assistance and counsel of the said guardian, until each of my said sons shall arrive at the age of twenty-one years. I direct and impress upon the said guardian the duty of executing this provision of my will. I also direct the said guardian to pay to my said sister a fair compensation for the board and care of my said sons, and to furnish her with all such sums as may be necessary for their welfare and comfort. I also direct the said guardian, with the counsel and advice of my said sister, to provide for the education of my said

sons in such way and at such schools as my said sister and said guardian shall think best for my said sons. I hereby nominate and appoint my friend H. G. Connor, of Wilson, N. C., my true and lawful executor to this my last will, and confer upon him all the powers and impose upon him all the duties incident to the provisions of this said will. I hereby nominate and appoint my said friend, the said H. G. Connor, guardian of the persons and estate of my said children, Charles, Harry and Frank Young, with the powers and duties incident to said trust, and direct him to execute the provisions of this will in regard to the custody of my said sons.'' Later, by codicil, the testator named his brother, E. F. Young, another of the petitioners, a co-executor and guardian of his children, ''to have equal power and rights in every respect with my said friend H. G. Connor, in the execution of said will and the duties of guardian.'' It was further provided in the codicil that the sum of $40 per month was to be paid to Mrs. Setzer, the other petitioner, as a compensation for the board and care of the children, as long as they should remain with her.

The children had been living with Mrs. Setzer after the testator's death until the 13th of December last, when they were taken by their grandparents of the maternal line, the respondents, without the knowledge and consent of Mrs. Setzer, or of the guardians. In justification of this course, the respondents averred that the children were not receiving proper attention and care from Mrs. Setzer. Upon the hearing of the matter, Judge Robinson ordered that the custody of the infants be given to the respondent, Calvin Barnes, until the further order of the court. The order was based on the following facts, which His Honor had found upon the investigation:

1. That during the time the infants remained with the petitioner, Mrs. Setzer, they did not receive the same care.

120—20

and attention they would have received at the home of the respondent; that while with Mrs. Setzer they were not properly clothed, and their persons were allowed to remain unclean.

2. That Mrs. Setzer conducts a boarding house in Wilson, and has a large family of her own, and is unable to give the infants proper personal attention.

3. That the respondent and his wife are the grandparents of the infants, and are greatly attached to them; that the infants, in presence of court, showed affectionate attachment for the grandparents, who are in every way well fitted to properly care, provide for and rear said infants.

We think the order was erroneous. There is not a word in the finding of facts nor in the whole record intimating that the petitioner, Mrs. Setzer, was not a fit and suitable person, morally and socially, to have the care and nurture of the children. In fact, the petitioners (guardians) pray for the return of the children to Mrs. Setzer, and allege that ''she is amply able and willing to discharge the trust reposed in her by the testator in regard to the care and control of the infants,'' and that ''she is in every way a discreet and suitable person to have care of the infants.'' The petitioners show that the testator, at and before his death, lived in the same house with Mrs. Setzer, and that the brother and sister consulted freely and fully on the matter of her taking care of the children after his death. He knew well his sister, her manner of housekeepings, and all her ways of life, and it is not shown in the findings of fact, or any where else in the record, that she had undergone any change in her manner of life or in her character since her brother's death. The amount of money, $40 per month, as compensation for the board and care of the children, is evidence that the testator, though a rich man, intended that his children should be reared in a very plain

and economical way.   He knew that $40 per month would not be sufficient for the children to be indulged in fashionable clothing, a sumptuous table or constant baths.   Mrs. Setzer has done probably the best she could on the amount allowed for the support of the children.   And, here it may be remarked, by the way, that should it turn out in the experience of the guardians that $40 per month could not be sufficient for the necessary and reasonable wants of the children, the guardians would be justifiable in making such further expenditures, out of the large income of their ward's estate, as would be proper and just, considering always the intention of the testator that the rearing and training of the children should be arranged on an economic and unostentatious basis.

But besides all these matters, the order of the judge cannot be upheld, for the reason that the petitioners, Connor and Young, are the guardians of the persons and property of the children by the very terms of the will—"I hereby nominate and appoint my said friend, H. G. Connor, guardian of the persons and estates of my said children, with the powers and duties incident to the said trust." And the other petitioner, Young, by the codicil, is given "equal power and rights in every respect with my friend H. G. Connor, in the execution of said will and duties of guardian."   The clear intention of the testator was that as long as the sister, Mrs. Setzer, lived, she was to have the personal care and keeping of the children until their majority.   If, on the other hand, her treatment of the children should become unkind, or if she should fail to provide things suitable for them, according to the allowance made in the will, it would then be the duty of the guardians, under the provisions of the will, and as matter of law, to interpose, and either stop abuses or take the infants from her keeping.   In case of the death of Mrs.

Setzer, it cannot be doubted that the guardians, under the requirements of the will, would be invested at once with the legal custody of the children.   These guardians, by the will, were to share in the labors of Mrs. Setzer in bringing up the children, and as we have said, in case of her death they could not, if they desired, escape the responsibility of the guardianship of the children.   They were, as we have said, the duly appointed testamentary guardians of the persons and estates of these children, and that authority and trust, in its fullest import, was only limited to the extent that while Mrs. Setzer lived and remained in her character and manner of living as she was when the testator placed the children under her care, and did the best she could for the infants upon the amount allowed to her, she should have the care and keeping of the persons of the children.

So, we concluded that his Honor was not authorized by the law to make an order under his findings of fact, whereby the children should be kept out of the care and custody of the petitioner, Mrs. Setzer; and we also conclude that, if good cause had been shown why the custody and care of the children should have been taken from Mrs. Setzer, it could not be that the claims of the guardians, under this will, could have been set aside in favor of the grandparents or any one else, without a proceeding for that purpose directed against the guardians and in the proper jurisdiction.   We both respect and admire the grandparents' tender love for the orphan children of their favorite daughter, who is deceased.   Our sympathies are enlisted in their behalf over the grievous disappointment they meet with in this decision, and we would be glad to be the instruments of making their declining years peaceful and happy, but the law is not sentiment nor is it always religion.

The children must be returned to the custody and care of the petitioner, Mrs. Setzer. If it should turn out that she does not desire the further custody of the infants, she can give up the trust, and the guardians can then make other arrangements for their care. If she should abuse her trust, the guardians are charged with the duty of putting an end to it and, if they should decline to do their duty, the courts are open for proceedings against them by any person interested in the matter.

Error.

CLARK, J., concurring: I concur in the conclusion that the judgment appealed from, which committed the custody of the children to the grandparents, was erroneous. The testator appointed H. G. Connor and his brother, E. F. Young, "guardians of the persons and estates" of his children. There is neither allegation, proof, nor even suggestion that they are unfit for, or have been derelict in the performance of that trust, and I see no warrant of law to discharge them from any part of it. The will instructed them to place the children with Mrs. Setzer. If such sub-agent proved unfit, they would not relieve the guardians of the trust as to the persons of the children, unless the guardians were shown to have connived at or been responsible in some way for the shortcomings of their agent. The will does not give the custody of the children to Mrs. Setzer, but to the guardians, with instructions to place them with her. In view of this fact and the findings of His Honor, that while with Mrs. Setzer the children "were not properly clothed, and their persons were allowed to remain unclean," and that she is "unable to give the infants proper personal attention," I cannot concur in the order that the children should be returned to the custody of Mrs. Setzer. I am of opinion that the order of the

court below giving the custody to the grandparents should be set aside, and the children should be returned to the custody of H. G. Connor and E. F. Young, whom the will creates "guardians of the persons and estates of the said children." Whether or not the said guardians shall continue to observe the directions of the will, to entrust the care of the children to Mrs. Setzer, is a matter resting in the sound discretion of the guardians, subject to the supervision of the court under proper application. There can be no doubt that they, knowing the facts and circumstances thoroughly, will place the children with her or some one else, according as their best interests will require, and for sufficient reason, which will be satisfactory to a court of chancery.

DOUGLAS, J.: I substantially concur in the concurring opinion of Mr. Justice Clark, except in its conclusion. In view of the findings of His Honor at the hearing below, I think it would be manifestly improper for the testamentary guardians, Connor and Young, to again place the children in the custody and care of Mrs. Setzer, whose inability to take proper care of the children, from whatever cause it may arise, has been passed upon as a fact by a court of competent jurisdiction.

FAIRCLOTH, C. J., concurs with DOUGLAS, J.